UNITED STATES of America, Plaintiff,

v.

BEDNAR MOTORS, INC., a corporation, et al., Defendants.

Civ. No. 3922.

United States District Court
D. North Dakota,
Southeastern Division.

July 9, 1963.

Richard V. Boulger, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

Edward Bednar, of Bednar Motors, Inc., Cooperstown, N. D., pro. per.

Kenneth W. Jakes, Asst. Atty. Gen., and Helgi Johanneson, Atty. Gen., Bismarck, N. D., for defendant State of North Dakota.

A. C. Bakken, State's Atty., Cooperstown, N. D., for defendant Griggs County, N. D.

Gene P. Johnson, of Van Osdel & Foss, Fargo, N. D., for defendant Adams, Inc.

M. W. Duffy, of Duffy & Bakken, Cooperstown, N. D., for defendant Abraham Thime.

RONALD N. DAVIES, District Judge.

In this action, stripped of its many complexities, the Plaintiff seeks judgment against the Defendant, Bednar Motors, Inc., foreclosure of a real and a chattel mortgage, a determination as to the several liens asserted, and application of the proceeds of sale to the satisfaction of the mortgage indebtedness and other liens.

On March 29, 1960, Bednar Motors, Inc. (Bednar), became indebted to the First State Bank of Cooperstown, North Dakota (Bank), in the sum of $25,000.00. Bednar executed its note in that amount, and to secure its payment executed a real and a chattel mortgage. Both were filed for record April 4, 1960, with the Register of Deeds, Griggs County, North Dakota. Bednar failed to make the installment payment due December 29, 1960, and failed to make any payments thereafter which resulted in the note being in default.

On June 16, 1961, the bank assigned the note and mortgages to the Small Business Administration, an agency of the Plaintiff. Pursuant to the provisions contained in the note and mortgages, the Small Business Administration exercised its option and declared the entire outstanding balance, both principal and interest due and payable, and notified Bednar on October 27, 1961, of its intention to foreclose.

The chattel mortgage and that portion of the real estate mortgage covering Lots 19, 20 and 21 of Block 74 and the south 50 feet of Lots 1, 2, 3 and 4, and the east four feet of Lot 5 in Block 75, all in the Original Townsite of the City of Cooperstown, Griggs County, North Dakota,

**36**

are sought to be foreclosed in this action.

Bednar Motors, Inc.; General Trading Company; Crane-Johnson Company, Inc.; O'Day Equipment Company, Inc.; and John Hjellum, Herman Weiss, Russell G. Nerison and Clinton R. Ottmar, then partners doing business as Hjellum, Weiss, Nerison & Ottmar, are all in default and judgment will be entered accordingly.

On April 24, 1961, subsequent to the execution and recording of the mortgages, the Defendant, ADAMS, INC., sold certain Burroughs bins to Bednar under a conditional sales contract filed with the Griggs County Register of Deeds on that date. By order of this Court on March 21, 1963, Adams, Inc., was granted permission to take possession of the bins for the purpose of attempting to sell the same and, if sold, to hold the monies received pending disposition by further order of this Court.

█ The Plaintiff now concedes that the bins are not subject to its real property mortgage since the evidence disclosed the bins were in no manner ever attached to the realty but were simply sitting on the floor and retained their identity as personal property. Adams, Inc., having priority, is entitled to the Burroughs bins or, if sold, to the proceeds of sale.

█ Next to be considered is the conditional sales contract under which Abraham Thime purchased from General Trading Company one air compressor, one Bear teleliner and two Weaver twin post lifts. The contract was filed with the Griggs County Register of Deeds March 24, 1961. The machinery had been bought by Bednar from General Trading Company in January of 1960 under a conditional sales contract which was never recorded. When Bednar could no longer make the payments due under the contract, Abraham Thime was substituted as purchaser and the contract recorded. The machinery is attached to the realty by bolts and can be removed without damage to the building although removal of the teleliner will leave a pit

covered with a steel plate. Although the machinery was on the realty at the time the mortgages were executed, it was not included in the chattel mortgage, and the Court finds that its attachment to the premises was not such as to destroy its nature as personal property and was not included in the real property mortgage.

Abraham Thime, having priority, is entitled to the air compressor, the Bear teleliner and two Weaver twin post lifts.

Griggs County has a statutory lien against the real property covered by the Plaintiff's mortgage for real property taxes, including penalties, interest and special assessments for the years, 1960, 1961 and 1962. The priority of a lien for taxes due on property is established by 15 U.S.C.A. § 646, the Small Business Administration Act which reads as follows:

"Any interest held by the Administration in property, as security for a loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest if such interest were held by any party other than the United States."

The North Dakota Century Code, § 57–02–40(1) provides:

"Taxes upon real property are a perpetual paramount lien thereon against all persons, except the United States and this state."

█ Accordingly, the Court finds that Griggs County, North Dakota, has priority for real property taxes, penalties, interest and special assessments for the calendar years, 1960, 1961 and 1962, over the mortgage indebtedness on the real property claimed by the Plaintiff. The asserted lien of Griggs County for 1960, 1961 and 1962, for personal property taxes assessed against Bednar must also take priority over the mortgage indebtedness of the Plaintiff agreeable to the law heretofore cited. Ordinarily a lien for personal property taxes assessed against

property in one class cannot be asserted on property in another class, but here there is a claim for personal property taxes asserted against all the property subject to the chattel mortgage, and as no evidence was presented by the Plaintiff to designate the various classes, priority will be granted against all the personal property of Bednar.

Other asserted liens arising after the filing of the real and chattel mortgages referred to are those of the State of North Dakota and the United States of America. The North Dakota Tax Commissioner filed a lien against Bednar for sales taxes, interest and penalties, with the Griggs County Register of Deeds on March 25, 1961. The United States filed a lien for withholding taxes May 3rd, 1961, and again on November 14, 1961. The remaining lien to be considered is that of the State of North Dakota on behalf of the North Dakota Workmen's Compensation Bureau on a judgment filed with the Clerk of Griggs County, North Dakota, District Court November 14, 1961.

█ █ The priority of a lien created by state law depends "on the time it attach[es] to the property in question and [becomes] choate." United States v. New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. Choate state-created liens take priority over later federal tax liens, and it is a matter of federal law when such lien has acquired sufficient substance and has become so perfected as to defeat a later arising or later filed federal tax lien.

█ █ The federal rule is that liens are "perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." The priority of the federal tax lien as against liens created under state law is governed by the common law rule: "the first in time is the first in right." United States v. New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520.

Accepting the state liens as being perfected, as indeed the Court must on the present state of the record, the priorities are established as of the date of filing. The result is that Griggs County's lien for the 1960, 1961 and 1962 real property taxes, interest, penalties and special assessments, together with the County's lien for the 1960, 1961 and 1962 personal property taxes and interest, take priority over the mortgage indebtedness. The mortgage indebtedness takes priority over the late filed state and federal liens for taxes and the state judgment lien. *However,* the state and federal tax liens and the state judgment lien take precedence over the liens of Griggs County for the 1961 and 1962 real property taxes, interest, penalties and special assessments, and the 1961 and 1962 personal property taxes and interest.

Judgment will be entered against the Defendant, Bednar Motors, Inc., and in favor of the Plaintiff in the amount of $25,776.27 and interest thereon from April 27th, 1962, at the rate of five and one-half per cent per annum on $18,054.-88, and at the rate of six per cent per annum on $6,014.01 to date of entry of judgment, together with Plaintiff's costs and disbursements to be fixed and assessed by the Clerk of this Court.

Property which is the subject matter of this action will be sold and both the real and chattel mortgages foreclosed. After satisfaction of court and foreclosure sale costs, sufficient funds to satisfy the liens of Griggs County will be set aside, and the remainder of the sale proceeds will be applied to the satisfaction of the Plaintiff's judgment entered herein. If any funds then remain, they will be applied to the satisfaction of the several liens in the following order: First, to the satisfaction of the state tax lien; second, to the satisfaction of the federal tax lien; and third, to the satisfaction of the state judgment lien.

If there be sufficient funds realized from the foreclosure sale to satisfy all liens, then the funds set aside will be unconditionally released to Griggs County; but if not, then the monies set aside shall be applied as follows: First, to the satisfaction of Griggs County's lien for 1960

**38**

real property taxes, interest, penalties and special assessments, and its lien for 1960 personal property taxes and interest; second, to the satisfaction of the lien of the North Dakota Tax Commissioner for unpaid sales taxes filed March 25th, 1961, together with interest and penalties; third, to the satisfaction of the liens of the United States of America for withholding taxes filed May 3rd, 1961, and again November 14, 1961; fourth, to the satisfaction of the judgment lien of the State of North Dakota filed November 14th, 1961; and lastly, to the satisfaction of the liens of Griggs County for 1961 and 1962 real property taxes, interest, penalties and special assessments, and for the 1961 and 1962 personal property taxes and interest.

The attorneys for the United States will prepare all of the instruments necessary to effectuate this Memorandum Opinion and transmit them through the Clerk of this Court.

It is so ordered.